UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DARNELL KING,

                        Petitioner,                              S1 99 Cr. 1062 (CLB)

     - against -                                            ***Memorandum and Order***

UNITED STATES OF AMERICA,

                        Respondent.
-----------------------------------------------------------x

Brieant, J.

        By a communication dated December 29, 2005 received by this Court on January 4, 2006 (postmark illegible), Mr. Darnell King, a federal prisoner, writes this Court to the effect that in September, 2005, he filed a Rule 60(b) motion arguing that his sentence should be vacated because his Criminal History Category (VI) under the Sentencing Guidelines was computed based on certain State convictions which were not final because appeals were then pending.

        He seeks to renew a Rule 60(b) motion previously made and urges the Court not to consider it as a successive motion under § 2255. Mr. King also asks the Court to send him a copy of his Rule 60(b) motion (filed August 30, 2005) as his copy was lost in transit.

        The Clerks file in Mr. King's case is presently at the Federal Archives. Enclosed with a copy this decision being mailed to Mr. King is a copy of the first page of Doc. 76 containing an Endorsement Order of this Court which reads as follows:

> Motion denied without prejudice to seeking leave from the Court of Appeals to bring a successive motion under 28 U.S.C. § 2255.

The Petitioner wishes to be resentenced based on his claim made from the first time that certain of his State Court convictions which gave rise to the computation under the Sentencing Guidelines of his Criminal History were non-final because appeals were pending. He cites the case of *United States v. Glen,* 418 F.3d 181 (2d Cir. August 10, 2005) as a basis for relief.

The case *United States v. Glen*, 418 F.3d 181 (2d Cir. 2005) concerns use of a prior state felony conviction as a predicate for a federal mandatory minimum sentence, and holds that where a pending appeal remains outstanding, this cannot be done. The *Glen* case has nothing to do with computations of Criminal History under the Sentencing Guidelines. As to the latter, it is expressly provided that prior sentences under Appeal are counted, with exceptions not material. See U.S.S.G. § 4A1.2(l).

In any event, the relief sought may only be obtained by a motion under 28 U.S.C. § 2255. Mr. King has previously had such a Motion application heard in the District Court, and was denied leave to file a successive § 2255 motion, by the Court of Appeals on March 2, 2005.

This Court notes that Mr. King's Judgment of Conviction was dated May 24, 2000 and was affirmed on direct appeal on June 14, 2001. The Sentencing Guidelines were computed correctly.

There is no indication that the Court of Appeals intended to decide or would hold that the *Glen* decision applies to cases as to which the judgment was final long prior to August 10, 2005,

or to the Sentencing Guidelines. By its terms, the *Glen* case relates only to predicate felonies used under Title 21 to invoke an enhanced sentence in a drug case.

In any event, the relief sought can only be obtained by a successive § 2255 motion. The communication from Mr. King dated December 29, 2005 is denied without prejudice to present his claim directly to the Court of Appeals for the Second Circuit as a petition for leave to file a successive § 2255 petition.

Petitioner's motion (Doc. 77) for Reconsideration is denied for want of merit. His December 29, 2005 communication is treated as a motion and denied for the same reasons.

X

      X

            X

                  X

                      X

SO ORDERED.

Dated: White Plains, New York
       January 5, 2006

$\overline{\phantom{aaaaaaaaaaaaaaaaaaaaaaaaaaa}}$
Charles L. Brieant, U.S.D.J.

SO ORDERED.

Dated: White Plains, New York
January 5, 2006

                                             Charles L. Brieant, U.S.D.J.